IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ROBERT GLASS, # K5933                                                          PETITIONER


V.                                              CIVIL ACTION NO.3:11CV17-MPM-DAS


DANNY SCOTT, et al.                                                          RESPONDENTS


REPORT AND RECOMMENDATION

The respondents have moved to dismiss Glass' petition for habeas corpus as time-barred.

The petitioner filed no response to the motion.

With limited exceptions, a federal habeas corpus petition must be brought within one year

after the judgment of conviction becomes final. The statute of limitations is tolled during the

pendency of any properly filed state post-conviction motion. § 28 U.S.C. § 2244(d). Glass pled

guilty to murder on March 1, 2001 in the Circuit Court of Marshall County, Mississippi and was

sentenced to life in the custody of the Mississippi Department of Corrections. His conviction,

pursuant to Mississippi law, became final thirty days later. *Roberts v. Cockrell*, 319 F.3d 690 (5th

Cir. 2003).

The running of the federal period of limitations was extended during the pendency of his

first state post-conviction action from February 27, 2002 through October 14, 2003, when the

trial court's denial of the post-conviction motion was affirmed by the Mississippi Court of

Appeals. Nothing further happened for almost five years until Glass filed another motion for

post-conviction relief on September 27, 2008. On February 27, 2009, the trial court denied this

motion. The Mississippi Court of Appeals affirmed denial of this second motion on June 29, 2010, finding that it was not only barred as a successive motion, but filed after the expiration of Mississippi's three year statute of limitations.

Glass filed his petition with this court between January 31, 2011, when he signed it and February 1, 2011, when it was received by the clerk of the court. His only attempt to avoid the federal limitations is his claim that the period of limitations should run from the date the trial court denied his second post-conviction motion. This is without merit. Glass' petition is many years too late.

The undersigned recommends that the petition in this case be dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may

lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for

failure to comply with an order of the court.

SO ORDERED this the 20th day of October, 2011.


/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE